# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| KENNETH NEAL RADFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-222 |
| | ) | |
| WARDEN B.J. MEEKS, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Kenneth Radford, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate the Armed Career Criminal Act ("ACCA") enhancement applied to his 2009 sentence for possession of a firearm by a convicted felon. He originally filed a 28 U.S.C. § 2241 petition (doc. 1), but the Court warned him that it would recharacterize it as a § 2255 motion because his claims only fit within that provision. Doc. 5. Radford then had thirty days to amend his petition, withdraw it, or do nothing. *Id.* He chose to refile the same claims on a form § 2255 motion that the

Clerk provided with the Court's warning. *See Radford v. United States*, No. CV415-328, doc. 1 (S.D. Ga. Dec. 31, 2015).[1]

As the Court made clear in its warning Order:

> Radford's *Johnson*[2] claim, and thus his current motion, has little chance of success. *Johnson* found that the residual clause alone violated due process; other provisions of the ACCA survive and continue to apply. 135 S. Ct. at 2563 (2015) ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. . . . Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Even discounting Radford's possession of a sawed-off shotgun conviction (*see* Radford's Presentence Investigation Report (PSI)¶ 22), he remains convicted of at least three violent felonies as the ACCA continues to define that term post-*Johnson*. *See* PSI ¶ 22 (listing convictions for three separate instances of burglary, criminal attempt to commit child molestation, and aggravated assault). His burglary convictions alone, in fact, trigger an ACCA enhancement. *See* 18 U.S.C. §§ 924(e)(1) & (2)(B). Hence, *Johnson* has no impact on the validity of his sentence.

Doc. 5 at 6 (footnote added).

That remains as true today as it did several weeks ago. Accordingly, Radford's § 2255 motion should be **DENIED**. His motion for appointment of counsel (currently doc. 3 in CV415-328) also is

---

[1] The Clerk opened a new case number (CV415-328) for Radford's form § 2255 motion and two accompanying filings instead of docketing them in this case. To rectify that, the Clerk is **DIRECTED** to consolidate CV415-328 with CV415-222, place docs. 1-3 from CV415-328 inside CV415-222's docket, then **CLOSE** CV415-328.

[2] *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).

**DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 6th day of January, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA